# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHARLES ARCHIE HOLMES** : | |
| : | **CIVIL ACTION** |
| v. : | **No. 23-1640** |
| : | |
| **VINH C. LY** : | |

**McHUGH, J.**                                                                                             **August 7, 2023**

## MEMORANDUM

This is a bankruptcy appeal by a debtor who contends that the bankruptcy court abused its discretion in denying his motion to reconsider an order granting relief to a secured creditor, which had lifted the automatic stay in place to protect the debtor's assets. I previously affirmed the bankruptcy court's decision to grant relief from the stay. Because the circumstances have not significantly changed since then – and, if anything, because the debtor is less likely to be evicted or harmed under the current circumstances – I will affirm the decision to deny the motion.

## I.     Relevant Background

The relevant background in this litigation is set forth in significant detail in my prior memorandum addressing the debtor's appeal from the initial order vacating the automatic stay. *See* ECF 11, 22-3240. I will thus only review facts that have developed in the interim.[1]

In October 2022, Charles Archie Holmes ("Appellant" or "Debtor") and Julie E. McCrey-Holmes, current occupants of the disputed property and debtors in bankruptcy, filed a quiet title

---

[1] Because "[t]he district court does not sit as a finder of facts" in reviewing a bankruptcy appeal, the facts here are provided only as background. *See Universal Minerals, Inc. v. C. A. Hughes & Co.*, 669 F.2d 98, 101-02 (3d Cir. 1981).

action against Mr. Vinh C. Ly in the Philadelphia County Court of Common Pleas.[2] R. at 173, ECF 6. Ly did not respond to the suit, and a default judgment was entered against him on February 23, 2023. *Id.* at 185. On March 24, Mr. Ly, through his counsel Mr. Robert E. Cole, filed a petition to open the judgment on the basis of insufficient or fraudulent service. *Id.* at 186-87. On April 23, the Court of Common Pleas stayed any further proceedings related to the default judgment pending resolution of Mr. Ly's petition. *Id.* at 188.

Simultaneously, Holmes filed the underlying motion for reconsideration on February 12, 2023, in bankruptcy court, requesting that Judge Chan revisit her August 8 order granting Ly relief from the automatic stay. *Id.* at 143. Holmes added in a later filing that, as of February 21, he had won default judgment in the quiet title action over the property. *Id.* at 154. Consequently, according to Holmes, Ly no longer has any basis for ownership of the disputed property. *Id.* at 155. In response, on behalf of Mr. Ly, Mr. Cole filed an affidavit and exhibits detailing the service arguments that Ly made to the Court of Common Pleas in his petition to reopen, including that service of the quiet title action was fraudulently made on someone deceased ten years prior to the lawsuit and that no one who currently lives at the home where service allegedly occurred matches the process-server's description. *Id.* at 158.

Judge Chan held a hearing on the motion to reconsider on April 18, 2023,[3] and denied the motion on the record and then in an order on that same day. *Id.* at 240. Mr. Holmes filed this appeal thereafter. *See* ECF 1.

---

[2] I may take notice of the docket in another case and of documents within that docket to "determine what statements they contained." *See Orabi v. Att'y Gen. of the U.S.*, 738 F.3d 535, 537 n.1 (3d Cir. 2014); *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999); *Rankin v. Majikes*, No. 14-699, 2014 WL 6893693, at *7 (M.D. Pa. Dec. 5, 2014).

[3] I have obtained and listened to the audio recording of the hearing, during which Judge Chan placed her decision on the record.

Additionally, prior to the quiet title action, Mr. Ly had filed an ejectment action against Mr. Holmes and all occupants of the Christian Street property on February 23, 2022.[4] *See* R. at 191. Although the lifting of the automatic stay last fall conceivably would have allowed that ejectment action to move forward, it has since been stayed as a result of another automatic stay arising from Ms. Nuri N. Hawkins-Harris' bankruptcy filing. *Id.* at 200. Ms. Hawkins-Harris is related to Appellant and also an occupant of the disputed property, making her a defendant in Mr. Ly's ejectment action. *Id.* The ejectment action is thus stayed pending the outcome of that proceeding. *Id.*

## II.    Standard of Review

Appeals from decisions granting or denying relief from an automatic stay are reviewed for an abuse of discretion. *See In re Wilson*, 116 F.3d 87, 89 (3d Cir. 1997) (citations omitted); *In re Brown*, 311 B.R. 409, 412 (E.D. Pa. 2004) (Joyner, J.) ("Discretion will be found to have been abused only when 'the judicial action is arbitrary, fanciful, or unreasonable.'") (citations and internal quotations omitted). Similarly, review of a bankruptcy court's denial of a motion for reconsideration is reviewed for abuse of discretion. *See Beaudoin v. Village Cap. & Inv. LLC*, 613 B.R. 514, 518 (E.D. Pa. 2020) (Smith, J.).

A bankruptcy court's statements on the record are sufficient for appellate review in the absence of a formal opinion. *See In re Kempner*, 152 B.R. 37, 41 (D. Del. 1993) (finding the

---

[4] I have already considered Holmes' argument that Ly's ejectment action violated the automatic stay and is thus void. In my prior memorandum, I observed that "[i]f Ly did violate the stay, then the most he must do is refile his complaint after the stay has been lifted. And if Ly willfully violated the stay – an assertion for which there is no evidence in the record on appeal, aside from allegations made in Holmes' adversary complaint – then Holmes may pursue statutory damages. *See* 11 U.S.C. § 362(k); R. at 5-6. But on the record before me, any violation of the stay appears *de minimis* and does not impact my review of Judge Chan's decision." ECF 11 at 6-7, 22-3240. No developments in the interim alter this analysis.

3

bankruptcy court's statements on the record sufficiently explained the court's rationale "so as to provide meaningful appellate review of the Bankruptcy Court's order").

### III. Discussion

A motion for reconsideration "must rely on one of three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice." *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995) (cleaned up and citations omitted). Motions for reconsideration "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citations omitted); *see also Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) ("Such motions are not to be used as an opportunity to relitigate the case.").

Holmes spends much of his appellate brief "relitigate[ing] old matters," stating again that there was no cause to modify the automatic stay. ECF 2 at 9-10; *see Baker*, 554 at 485 n.5. I have already explained in my prior memorandum my reasons for agreeing with Judge Chan's finding of cause to lift the stay. *See* ECF 11 at 5-8, 22-3240. Further, for the time being, a default judgment has been entered in Holmes' favor in the quiet title action and a stay exists from Ms. Hawkins-Harris' bankruptcy case, creating even less concern that lifting the automatic stay will cause Appellant injury. As stated by Judge Chan during the April 18 hearing, given the many disputes of fact between the parties, the best course is to allow the state court actions to proceed without interference from an automatic stay.

To the extent Appellant argues that Ly cannot seek relief from the stay while he does not have title to the property, I note that the issue of title remains unresolved until the state court has reviewed Ly's petition to reopen. If the state court finds that Ly cannot reopen the case and the

4

default judgment remains in place, Ly will have no title and relief from the stay will cause no harm, as Ly will not be able to succeed in his ejectment action anyways. In the alternative, if the state court reopens the judgment and decides that Ly does have title, then I have already affirmed Judge Chan's decision that such a position would entitle Ly to relief from the stay so that he may protect his interests. In either scenario, lifting the stay appropriately allows the state court process to unfold.

Holmes also invokes the *Rooker-Feldman* doctrine, arguing that the bankruptcy court "does not have jurisdiction to grant relief from the stay because the relief requested is 'inextricably intertwined' with the issues of title decided in the Quiet Title Action." ECF 2 at 13. I disagree. The *Rooker-Feldman* doctrine is "confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejecting of those judgments." *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In seeking relief from the automatic stay, Mr. Ly did not attempt to redress a state-court injury. Indeed, lifting the stay does not grant him title or a right to ejectment – it instead enables Ly to litigate those matters in state court and gives the state court the ability to adjudicate his claims. Lifting the stay therefore does not permit the bankruptcy court to "review" and "reject[]" any state court decisions; it merely allows state court actions to proceed. Holmes' *Rooker-Feldman* arguments are thus unfounded.

Finally, Holmes, through his counsel, filed an additional motion for judicial notice, arguing in part that Judge Chan impermissibly considered events at the hearing that were not part of the record, including Ly's allegations regarding the lack of service in the quiet title action. *See* ECF 9. I first note that this contention is flatly contradicted by the record, because the relevant information was set forth in the form of an affidavit and attached exhibits submitted on the

5

bankruptcy docket by Mr. Cole and attached to the record on appeal.[5]  *See* R. at 160-69.  Second, at the April 18 hearing, Judge Chan made no factual findings and took no sides regarding the service dispute – she refused to credit one party's perspective over the other.  She reasoned instead that there was a "material fact in dispute" that could be properly resolved by the state courts, and took the most practical course of action by allowing the state court to conduct its own factual findings without the automatic stay as a barrier.

Because Holmes raises no valid basis for his motion for reconsideration, I cannot find that Judge Chan abused her discretion in denying the motion.  I thus affirm her decision to deny Holmes' motion.

**IV.    Conclusion**

For the reasons set forth above, Judge Chan's order denying the motion for reconsideration is affirmed.  An appropriate order follows.

    /s/ Gerald Austin McHugh
United States District Judge

---

[5] Not only is the information in question unambiguously part of the record, but Appellant also goes so far as to aver that Judge Chan has a "friendship" with Mr. Ly, and that she improperly obtained this information "during the course of their relationship."  ECF 9 at 4.  There is no factual basis for this accusation whatsoever.  Counsel is warned that that is the type of reckless allegation that can give rise to Rule 11 sanctions.  *See* Fed. R. Civ. P. 11.