LAW OFFICES OF GREGORY JAVARDIAN, LLC
BY:   MARY F. KENNEDY, ESQUIRE
ID# 77149
1310 Industrial Blvd.
1st Floor, Suite 101
Southampton, PA  18966
(215) 942-9690
Attorney for Citizens Bank, N.A.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| IN RE: | Chapter 13 Proceeding |
|---|---|
| Charles Archie Holmes | |
| Debtor(s) | 18-14469 AMC |

**CITIZENS BANK, N.A.'S RESPONSE TO DEBTOR'S MOTION TO REINSTATE THE AUTOMATIC STAY**

AND NOW, comes secured Creditor, Citizens Bank, N.A. ("Respondent") by and through its Counsel, Mary F. Kennedy, and files this Response to the Debtor's Motion to Reinstate the Automatic Stay and avers the following:

1. Admitted.
2. Admitted.
3. Denied. The Notice of Default was mailed to Debtor and Debtor's Counsel on October 19, 2023. On that same day Counsel for Respondent emailed a copy of the Notice of Default to Debtor's Counsel. On October 19, 2023 Counsel for Debtor sent Counsel for Respondent an email and stated, "Debtor says he has made all mortgage payments.  He's collecting receipts now."  As of the date of the filing of the Certification of Default on November 15, 2023 Debtor's Counsel had provided no proof of payments to Counsel for Respondent.  On November 15, 2023 Counsel for Respondent sent Counsel for Debtor an email advising her that the Certification of Default as filed. Counsel for Debtor responded to that email and stated, "I will be sending you receipts today." Counsel for Debtor finally emailed the "receipts" on November 30, 2023. Respondent reviewed the proof of payments provided and on December 11, 2023 Counsel for Respondent emailed Counsel for Debtor and advised her that all but three (3) of the checks were received and that the

three (3) checks that were not received were not made payable to Citizens Bank. It is specifically denied that Counsel for Respondent filed the Certification of Default while there were discussions about the amount in arrears this paragraph and strict proof is demand.

4. Denied. Counsel for Respondent never had a discussion with Counsel for Debtor that some of the missing payments were diverted to a different account. In a December 11, 2023 email from Counsel for Debtor to Counsel for Respondent Debtor's Counsel stated, "I was informed by my client that the three checks made out to "Cash - Mortgage," "Jin - Mortgage Payment," and Miguel Dassar Alomar were mortgage payments. Bank rep told Debtor to make checks payable that way." On December 11, 2023 Counsel for Respondent responded to that email and asked for copies of the cancelled checks so that further research could be conducted. As of January 4, 2024 Counsel for Respondent has not received copies of these cancelled checks. From December 11, 2023 through the date of the filing of the Motion to Reinstate the Automatic Stay Counsel for Debtor never advised Counsel for Respondent that she believed payments were diverted to a different account. It is specifically denied that Counsel for Respondent filed the Certification of Default while there was a question about the receipt of payments and strict proof is demanded.

5. Denied. See Respondents response in paragraphs three (3) and four (4) above. The remainder of the allegations contained in this paragraph are denied as Respondent lacks sufficient information to determine the truth of the same.

6. Denied. Respondent denies that the Certification of Default was filed prematurely. See Respondents response in paragraphs three (3) and four (4) above. The remainder of the allegations contained in this paragraph are denied as Respondent lacks sufficient information to determine the truth of the same. By way of further response, as of the date of the filing of this Response Respondent has confirmed that all but three (3) of the proof of payments provided by Debtor were received and applied. These three (3) checks total $3,847.00. At the time the Certification of Default was filed the post-petition arrears totaled $13,570.06. These three (3) checks will not cure the default.

WHEREFORE, Respondent respectfully requests this Honorable Court deny the Debtor's Motion to Reinstate the Automatic Stay.

                                        RESPECTFULLY SUBMITTED,

                                        /s/ MARY F. KENNEDY, ESQ.

Dated: January 4, 2024